GERSHOM D. HALL *vs.* GIUSTI BAKING CO.
(and ten companion cases [1]).

Barnstable.    December 2, 3, 1947. — January 30, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Practice, Civil*, New trial.

Under §§ 127, 128 of G. L. (Ter. Ed.) c. 231, a judge of the Superior
Court hearing a motion by a plaintiff for a new trial which set forth
as a ground that the verdict "was against . . . the law," had author-
ity in his discretion to allow the motion on the grounds, stated by him,
that he had given an erroneous instruction to the jury and that it was
his purpose to preclude any "conceivable possibility" for the plaintiff
"to say that the court worked . . . [him] injustice."

The mere fact that no exception was saved at a trial to an erroneous
instruction given to the jury did not preclude an allowance by the
judge in his discretion of a motion for a new trial on the ground that
the erroneous instruction rendered the verdict "against . . . the law."

Action by a judge of the Superior Court, directing in his discretion a
new trial of an action by reason of an erroneous instruction given to
the jury, was within the authority given by G. L. (Ter. Ed.) c. 231,
§§ 127, 128, notwithstanding the fact that simultaneously he also pur-
ported to deny a motion for a new trial which contained as one of
its stated grounds that the verdict was "against . . . the law"; his
ultimate action was in effect to allow the motion.

ELEVEN ACTIONS OF TORT. Writs in the Second District
Court of Barnstable dated June 8, 1943.

On removal to the Superior Court, the actions were tried
before *Warner*, J.

*G. R. Walsh*, for the defendants.

*H. Williams*, (*G. D. Hall* with him,) for the plaintiffs.

DOLAN, J. These eleven actions of tort were brought
to recover compensation for personal injuries. They
were tried to a jury, who returned a verdict in each case
for the defendant. The plaintiff in each case moved that
the verdict be set aside and that a new trial be granted,
setting up as the fourth reason that "the verdict rendered

---

[1] The companion cases are by Mary E. Hall, John F. Donnelly, Millard P.
Hall, John Dale and Frank E. Blanding against the same defendant; and
by Millard P. Hall, Frank E. Blanding, John F. Donnelly, Mary E. Hall,
and John Dale against Raymond J. Woodhouse.

in said case was against the evidence, the weight of the evidence presented and the law." The motions were denied by the judge on "all grounds alleged therein," but in the exercise of his discretion he entered an order that a new trial be had in each case, setting forth his reasons for that action. An exception was taken by the defendant in each case to that order. Thereafter the cases were tried anew, and the jury returned a verdict in each case for the plaintiff. The cases have been continued for judgment pending the disposition of the exceptions of the defendants to the foregoing order for new trials.

The reasons assigned by the judge in his order for new trial were in substance that during the course of the trial in charging the jury he had said, "So, therefore, I say the burden is upon the plaintiffs to satisfy you beyond a reasonable doubt likewise, by the fair weight of the believable evidence, that he (Woodhouse) [1] failed by doing something or not doing something to exercise that degree of care, vigilance and forethought which the ordinary prudent person would have exercised under the circumstances," and his purpose to preclude any "conceivable possibility for plaintiffs to say that the court worked them injustice" because of that erroneous instruction.

The defendants contend that the judge erred in ordering new trials after denial of the motions therefor, and that he was without authority so to do except upon motions in writing setting forth the reasons relied on in support of the motions and then only for a reason or reasons set forth in the motions as provided by G. L. (Ter. Ed.) c. 231, §§ 127, 128, as amended. [2] The decisive answer to this contention

---

[1] The agent of the defendant Guisti Baking Co. and the defendant in five of the eleven cases.

[2] Sections 127 and 128 so far as here material provide: "Section 127. The court may, at any time before judgment, set aside the verdict in a civil action and order a new trial for any cause for which a new trial may by law be granted; but a verdict shall not be set aside except on written motion by a party to the cause, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. . . ." "Section 128. Whenever a verdict is set aside and a new trial granted under section one hundred and twenty-seven, the justice granting the motion for the new trial shall file a statement setting forth fully the grounds upon which the motion is granted, which statement shall be a part of the record of the case. . . ."

is that the fourth reason assigned in the motion for new trial in each case, that the verdict was "against the evidence, the weight of the evidence presented and the law", did raise the question of the erroneous instruction of the judge to the jury as to the law governing the burden of proof resting upon the plaintiffs. In *Loveland* v. *Rand,* 200 Mass. 142, the defendant filed a motion for a new trial alleging as reasons for his motion that the verdict returned by the jury was against the law, the evidence and the weight of the evidence. After hearing the judge granted the motion "on the ground of misdirection in law." No exceptions were taken to this action of the judge, but thereafter the plaintiffs filed a motion for rehearing and reconsideration which the judge heard and denied. After the denial by the judge of certain of the plaintiffs' requested rulings, subject to their exceptions, the case came to this court, and one of the questions considered was whether the substance of the reason assigned by the judge for granting the motion for new trial was comprised within the reasons set forth in the motion (pages 142–143). The statutory history of the then R. L. c. 173, § 112 (St. 1897, c. 472),[1] was reviewed by the court and it was pointed out that by the changes made by St. 1897, c. 472, no limit was put upon the reasons that might be assigned, but that the effect of the changes was only to limit operation of the statute to cases in which a motion is made stating the reasons for making the motion. In the consideration of the issues above set forth the court said in part: "In dealing with a matter not of strict legal right, but appealing only to the discretion of the court, a statement that the verdict is against the law would have been construed broadly in this Commonwealth before the enactment of the St. 1897, c. 472, and would have been sufficient to open for consideration by the court a contention that the verdict was founded upon an erroneous principle of law, whether from a disregard by the jury of the instructions of the court, or from erroneous instructions which naturally led to a wrong result,

---

[1] See now G. L. (Ter. Ed.) c. 231, § 127, as amended. See also § 128, as amended.

or from any other fundamental legal error which entered into the decision embodied in the verdict. . . . It would be a narrow construction of the language of such a motion under our system to hold that the words 'against the law' include nothing but a disregard by the jury of the instruction of the judge. The construction to be given to the language in such a motion, appealing only to discretion, ought to be less strict than it would be if the language were used to present to an appellate tribunal for final decision a question of strict legal right. The party opposing the motion should understand that a statement of reasons would bring up, for the exercise of discretion, everything fairly included in its meaning under a broad and liberal interpretation." And the court held that the reason given by the judge for the allowance of the motion was within the statement of reasons contained in the motion (page 145). In our opinion the principles announced in the *Loveland* case govern decisively the present cases. See *Macchiaroli* v. *Howell*, 294 Mass. 144, 147. The fact that no exception was taken to the erroneous statement in the judge's charge is immaterial, and the judge properly could order the new trials "to guard against a failure of justice." *Farrell* v. *Matchett*, 310 Mass. 87, 89, and cases cited.

It is true that in the present cases the judge purported to deny the motions for new trials because of opinion that the reasons set forth therein were insufficient, but in ordering new trials in essence he granted the motions. That he erroneously regarded the reasons as precisely stated in the motions as insufficient does not affect the correctness of his ultimate action in ordering new trials because of erroneous instructions in his charge to the jury, a ground comprised in the fourth reason assigned in the plaintiffs' motions for new trials that the verdicts rendered by the jury were "against . . . the law." *Ryder* v. *Warren*, 295 Mass. 24, 29. *Cousbelis* v. *Alexander*, 315 Mass. 729, 732. *London Clothes, Ltd.* v. *Maryland Casualty Co.* 318 Mass. 692, 702, and cases cited. *Assessors of Boston* v. *Boston, Revere Beach & Lynn Railroad*, 319 Mass. 378, 379.

It follows from what we have said that the defendants'

exceptions must be overruled.. That being so, it is un-
necessary to discuss the plaintiffs' exceptions to the denial
of their motions for leave to amend their motions for new
trial.

*Plaintiffs' exceptions dismissed.*
*Defendants' exceptions overruled.*