RENT BOARD OF BOSTON *vs.* BERTRAM A. DRUKER & others.

Suffolk.    May 5, 1976. — May 27, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Rent Control.    Pleading, Civil,* Judgment of Federal court.

Where, subsequent to a ruling by a judge of a Housing Court that a
    regulation of the United States Department of Housing and Urban
    Development did not preempt a local rent control ordinance with re-
    gard to the rents in a low and moderate income housing project fi-
    nanced under § 221 (d) (3) of the National Housing Act, the HUD
    regulation was amended so as to make specific reference to the inap-
    plicability of local rent control provisions in certain circumstances and
    the United States District Court, in a case involving the same parties,
    ruled that the local rent control board had no authority to regulate
    the rents charged in projects subject to regulation by HUD under
    § 221 (d) (3), the case was remanded to the Housing Court for fur-
    ther consideration. [348-350]

CIVIL ACTION commenced in the Housing Court of the
City of Boston on May 9, 1975.

The case was heard by *Daher*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*John W. Gahan, III,* for Bertram A. Druker & others.

*Thomas H. Martin,* Special Assistant Corporation Coun-
sel *(Herbert P. Gleason,* Corporation Counsel, with him)
for the Rent Board of Boston.

WILKINS, J.    On May 9, 1975, the rent board of the city
of Boston (board) filed an action for injunctive and declar-
atory relief in the Housing Court of the City of Boston
seeking a determination that the provisions of the city's
rent control ordinance applied to the defendants' low and
moderate income housing, the construction of which has
been financed under § 221 (d) (3) of the National Housing
Act. 12 U.S.C. § 1715 1(d) (3) (1970), as amended (Supp.

IV, 1975). The defendants moved to dismiss and moved for summary judgment, asserting that a regulation of the United States Department of Housing and Urban Development (HUD), promulgated to be effective on February 26, 1975, preempted the regulation by a local rent control board of rents in "subsidized projects with mortgages which are insured or held by HUD." A judge of the Housing Court ruled, on July 9, 1975, that the HUD regulation of February 26, 1975, did not preempt local rent control in these circumstances and entered a judgment which, in effect, directed the defendants to comply with Boston's rent control ordinance.

Two events, brought to our attention by the parties, have occurred since the entry of judgment in the Housing Court which prompt us to remand this action to the Housing Court for further consideration. On October 22, 1975, HUD amended the regulation considered by the Housing Court, making specific references to the inapplicability of local rent control provisions in certain circumstances. The board argues that the amendment, which is not before us formally in the record, affirms the correctness of the Housing Court's conclusions. The defendants deny this assertion. The amendment appears to present a question which should be considered in connection with the resolution of the basic issue raised in this case.

The second event which may have a bearing on this action is a judgment entered on April 9, 1976, in the United States District Court, District of Massachusetts, pursuant to a memorandum decision of that court on March 19, 1976, in two consolidated cases involving (among others) the parties in the case now before us.[1] The judge found that "the differences in the procedures used by the Rent Board and the delay and expense inherent in this additional step in the rent setting procedure have created an impermissible conflict between the federal and local systems." Although granting that "a close question" was presented, the judge concluded that the orders of the board

---

[1] *Druker* v. *Boston* (Civil No. 71-45-F) (D. Mass. March 19, 1976).

were invalid as to the HUD financed projects. The judgment declared, in effect, that the board had no authority to regulate the rents charged in projects in Boston which were subject to regulation by HUD under § 221(d) (3) of the National Housing Act. We believe that the effect, if any, to be given to the judgment of the Federal court should also be considered by the Housing Court. See Restatement (Second) of Judgments § 41, comment f, and § 41.3 (Tent. Draft No. 1, 1973).

On remand to the Housing Court, the defendants may wish to move to amend their pleadings or otherwise bring to the Housing Court's attention the amended regulation and the judgment of the Federal court. See, as to the "prior" judgment, Mass. R. Civ. P. 9 (e), 365 Mass. 751 (1974). The case is remanded to the Housing Court for further proceedings, including consideration of the question whether any injunction issued by a judge of that court should be modified or revoked.

*So ordered.*