Philip BUCANTIS, Jr.

v.

MIDLAND–ROSS CORPORATION.

Civ. A. No. 77–2054.

United States District Court,
E. D. Pennsylvania.

Feb. 5, 1979.

Richard A. Weisbord, Philadelphia, Pa., for plaintiff.

Morton F. Daller, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the motions of plaintiff Philip Bucantis, Jr. ("Bucantis"), for: (1) judgment notwithstanding the verdict or, in the alternative, for a new trial, pursuant to Fed.R.Civ.P. 50 and 59(a), respectively; and, (2) relief from judgment, pursuant to Fed.R.Civ.P. 60(b) or, in the alternative, for leave to assert additional grounds in support of the motion for a new trial. For the reasons stated below, all of Bucantis' motions will be denied; however, a new trial will be granted on the initiative of the Court, pursuant to Fed.R.Civ.P. 59(d).

This action arises out of an industrial accident which occurred on April 30, 1976, at the business premises of Prior Coated Metals Company, Inc. ("Prior"), in which Bucantis, an employee of Prior, had his right hand severed at the wrist when it became caught between two inward-turning rollers. Bucantis brought suit against Midland-Ross Corporation ("Midland-Ross"), the manufacturer of the machine in question, alleging jurisdiction based upon diversity of citizenship and an amount in

controversy in excess of $10,000, exclusive of costs and interest. A jury trial on the issue of liability began on October 5, 1978, and on October 10, 1978, the case was submitted to the jury. The Court instructed the jury on theories of breach of warranty and strict liability in tort, as established in § 402A of the Restatement of Torts, Second ("§ 402A"). *See Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966). Pursuant to requests of counsel in proposed points for charge and requests made during a sidebar conference at the time of the charge, the Court instructed the jury that, in order to find for the plaintiff, it must find that the machine in question was "unreasonably dangerous." *See Beron v. Kramer-Trenton Co.,* 402 F.Supp. 1268 (E.D.Pa.1975), *aff'd,* 538 F.2d 318 (3d Cir. 1976).

A verdict was returned in favor of the defendant on October 10, 1978, and the jury was discharged. On October 20, 1978, Bucantis filed timely motions for judgment notwithstanding the verdict or, in the alternative, for a new trial on the grounds that certain evidence was improperly excluded and that certain errors were made in the Court's charge ("October motions"). The Court's use of the term "unreasonably dangerous" was not assigned as a ground for the motions. On November 17, 1978, Bucantis filed a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b) or, in the alternative, for leave to assert additional grounds in support of his previous motion for a new trial ("November motions"). The grounds asserted by Bucantis in his November motions were: (1) that the Court charged the jury that, in order to find for the plaintiff, it must find that the machine was "unreasonably dangerous"; (2) that an identical charge was held to be reversible error by the Supreme Court of Pennsylvania in *Azzarello v. Black Brothers Co., Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978), which was filed on October 5, 1978; (3) that counsel did not learn of the *Azzarello* decision until November 14, 1978; and, (4) that, even though the Court was not apprised of the *Azzarello* decision at the time of the charge, the Court should grant a new trial or relieve Bucantis from the judgment to avoid manifest injustice.

*Motions Pursuant to Rules 50 and 59(a)*

Bucantis' October motions pursuant to Rules 50 and 59(a) were filed within the ten-day time limit for the filing of such motions, as established by Rules 50(b) and 59(b), respectively. In support of his October motions, Bucantis asserts 22 grounds, all of which were raised at trial and all of which deal with the exclusion of certain evidence and the charge to the jury. Upon careful consideration of these grounds, the Court finds, for the reasons previously articulated in the record, that these grounds do not support Bucantis' October motions for judgment notwithstanding the verdict or, in the alternative, for a new trial.

█ In his November motions, Bucantis argues that the *Azzarello* issue, which he seeks to add as a ground in support of his October motions, mandates that this Court grant a new trial pursuant to Rule 59(a). However, in this Circuit, any additional grounds in support of a motion for a new trial must be served within the ten-day time limit as established by Rule 59(b). *Arkwright Mutual Ins. Co. v. Philadelphia Electric Co.,* 427 F.2d 1273 (3d Cir. 1970). Moreover, a moving party cannot avoid the strictures of this rule by reserving the right to assert such additional grounds. *Smith v. Pressed Steel Tank Co.,* 66 F.R.D. 429 (E.D. Pa.1975), *aff'd mem.,* 524 F.2d 1404 (3d Cir. 1975). Bucantis' initial Rule 59(a) motion was timely filed, but the additional grounds articulated in the November motions were not filed until 28 days after the running of the ten-day time limit set by Rule 59(b). We hold, therefore, that the motion for a new trial is not supported by meritorious grounds and that the additional grounds submitted in support of that motion were not timely filed. Accordingly, we will deny Bucantis' October motions for judgment notwithstanding the verdict or, in the alternative, for a new trial, pursuant to Fed.R. Civ.P. 50 and 59(a), respectively.

*New Trial on the Initiative of the Court*

█ Rule 59(d) states:

(d) *On Initiative of Court.* Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.

Once a timely motion for a new trial has been filed by a party, pursuant to Rule 59(a), the judgment is not final and the time for appeal is tolled. *See* Fed.R.App.P. 4. The plain meaning of Rule 59(d) is that, once a timely motion for a new trial has been filed, the Court is empowered to grant a new trial on its own initiative for reasons not asserted in the timely filed motion. *See* Notes of the Advisory Committee on Rule 59(d), 1966 Amendment; 6 Moore's Fed. Prac. ¶ 59.09. As required by Rule 59(d), the Court provided the parties with an opportunity to be heard during a conference held with regard to the matter of a new trial and in briefs which were submitted thereafter.

The charge used by this Court at the time of trial was in compliance with the articulated standard in this circuit as to § 402A. *See Beron v. Kramer-Trenton Co., supra.* However, in view of the clear articulation of a majority position in *Azzarello* that it is improper to use the term "unreasonably dangerous" in § 402A jury instructions, it clearly was error for this Court to instruct the jury as it did. On the other hand, Bucantis' counsel did not advise the Court of the *Azzarello* decision in requested points for charge and did not bring the decision to the Court's attention at sidebar during the charge, even though the *Azzarello* opinion was filed by the Pennsylvania Supreme Court on the day that the trial began. Despite the omission by counsel, however, the Court has a duty to prevent manifest injustice. In this case, because of the clear prejudicial effect of the Court's use of the phrase "unreasonably dangerous," manifest injustice can only be avoided by overlooking counsel's error and ordering a new trial on the Court's initiative. Accordingly, a new trial will be ordered on the Court's initiative for the reason that a change in the law of strict liability rendered the Court's charge erroneous and prejudicial.

Finally, because of this Court's ruling granting Bucantis a new trial, Bucantis' Rule 60(b) motion is rendered moot and, therefore, need not be decided.