FRANCIS X. GALVIN vs. WELSH MANUFACTURING COMPANY.

Plymouth.   October 8, 1980. — January 22, 1981.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Civil,* New trial, Instructions to jury. *Negligence,* Manufactur-
er, Safety glasses.

On a motion for a new trial of a civil action, it was within the discretion-
ary authority of a judge to consider developments in the law occurring
after the entry of judgment and before disposition of the motion.
[342-343]
Even though the jury in a products liability case found that the defend-
ant's negligent failure to warn did not cause the plaintiff's injury, the
judge did not abuse his discretion in ordering a new trial on the basis of
three opinions issued by this court after the entry of judgment and be-
fore disposition of the plaintiff's motion for a new trial where the opin-
ions led to revisions in the nature and scope of proper jury instructions
in products liability cases and where the jury, had they been properly
instructed in accordance with those opinions, might have found
breaches of warranty on other bases that were causally related to the
plaintiff's injury.  [343-345]

CIVIL ACTION commenced in the Superior Court on No-
vember 7, 1974.

After the allowance of a motion for a new trial by *Young,*
J., the case was tried before *Prince,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*John J. Thornton* for the defendant.
*Cortland A. Mathers* for the plaintiff.

WILKINS, J.  The defendant appeals following a second
trial of this products liability case that resulted in a jury ver-
dict for the plaintiff.  The defendant raises no objection to
the conduct of that second trial, but challenges the order of
the judge who presided at the first trial, granting the plain-

tiff a new trial following the entry of judgment for the defendant. We conclude that the judge did not abuse his discretion in ordering a new trial and, therefore, affirm the judgment entered for the plaintiff following the second trial.

The plaintiff, a welder, lost his right eye as a result of an injury sustained while working on a piece of heavy equipment. He was wearing a pair of safety glasses manufactured by the defendant. The plaintiff's claim against the defendant, as submitted to the jury at each trial, was based on the alleged breach of warranties of fitness for a particular purpose and merchantability, negligent design, and negligent failure to warn. In each instance, written questions were put to the jury. Only those submitted in the first case concern us.

On May 31, 1978, the jury in the first trial answered that the defendant did not "breach" either of the alleged warranties and was not negligent in the design of the safety glasses. They did find, however, that the defendant was negligent in the matter of the warning placed on the safety glasses but that its negligence did not cause the plaintiff's injury. The plaintiff raised no objection to any inconsistency in the answers before the jury were discharged. Judgment for the defendant was entered on June 1, 1978, on the basis of the jury's answers. On June 9, 1978, within the ten days permitted by Mass. R. Civ. P. 59 (b), 365 Mass. 827 (1974), the plaintiff moved for a new trial. This motion was based in part on the ground that, if, as the jury found, the defendant was negligent in the matter of the warning placed on the glasses, the jury were required as a matter of law to have found a breach of warranty of merchantability and should have considered whether that breach caused the plaintiff's injury.

On July 31, 1978, the judge ordered a new trial on two grounds. He accepted the plaintiff's argument that the jury's answers were inconsistent, concluding that a product is unmerchantable if it is sold without a suitable warning, citing *Casagrande* v. *F. W. Woolworth Co.*, 340 Mass. 552, 555 (1960), and *Wolfe* v. *Ford Motor Co.*, 6 Mass. App. Ct.

346, 357-358 (1978). Additionally, the judge based his or-
der on a second, independent ground. Citing three opin-
ions of this court issued on July 6, 1978, and thus after the
filing of the plaintiff's motion for a new trial, he concluded
"that a new trial ought to be ordered in the interests of jus-
tice so that the jury may be instructed as to the scope of war-
ranty liability in accordance with *Smith* v. *Ariens Co.*, 375
Mass. 620 (1978), *Swartz* v. *General Motors Corp.*, 375
Mass. 628 (1978), and *Back* v. *Wickes Corp.*, 375 Mass. 633
(1978)."

We conclude that the judge did not abuse his discretion in
ordering a new trial on the second of the two grounds on
which he relied. We, therefore, do not need to decide
whether the jury's answers were inconsistent — a "logical
impossibility" as the judge ruled — and whether, if they
were inconsistent, the judge properly could have ordered a
new trial for that reason. The basic question we decide is
whether the judge abused his discretion in ordering a new
trial at which the jury would be instructed in accordance
with the law expressed in the three opinions of this court is-
sued on July 6, 1978.[1]

We turn first to a discussion of certain general principles
governing motions for a new trial after a jury verdict.
Massachusetts R. Civ. P. 59 (a) (1), 365 Mass. 827 (1974), per-
mits the granting of a new trial "in an action in which there
has been a trial by jury, for any of the reasons for which new
trials have heretofore been granted in actions at law in the
courts of the Commonwealth." "A motion for a new trial

---

[1] In addition to the issue addressed in this opinion, the defendant has ar-
gued several issues that might have been worthy of attention, and might
even have been decided in its favor, if the judge had denied the motion for
a new trial. For example, by that motion, the plaintiff could not oblige
the court to consider questions of law he did not raise seasonably in the
course of the trial. Similarly, the plaintiff may have lost his right to insist
on a resolution of any conflict between the jury's answers to special ques-
tions when the jury were discharged. See *McCue* v. *Prudential Ins. Co.*,
371 Mass. 659, 663-664 (1976). However, the judge did allow the motion
for a new trial, and thus the limited issue is whether the judge was in error
in allowing that motion.

shall be served not later than 10 days after the entry of judgment." Mass. R. Civ. P. 59 (b). Following notice and an opportunity to be heard on the matter, "the court may grant a motion for a new trial, timely served, for a reason not stated in the motion," provided the judge specifies the grounds in the order. Mass. R. Civ. P. 59 (d), 365 Mass. 827 (1974). Thus, it is not important that one of the grounds relied on by the judge in ordering a new trial was not stated in the plaintiff's motion for a new trial. See J.W. Smith & H.B. Zobel, Rules Practice § 59.12 (1977); 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2813, at 89-90 (1973). A new trial should not be ordered, however, unless the failure to do so "appears to the [trial] court inconsistent with substantial justice." Mass. R. Civ. P. 61, 365 Mass. 829 (1974). Accordingly, a new trial should not be ordered if the error does "not affect the substantial rights of the parties." *Id.*

In deciding whether a new trial was properly granted, we are guided by the law of the Commonwealth prior to the adoption of rule 59 and, to a lesser extent, by Federal decisions under the cognate Federal rule (Fed. R. Civ. P. 59[a]). See J.W. Smith & H.B. Zobel, *supra* at § 59.2, at 442. Our opinions have noted the broad authority of a judge to grant or to deny a new trial; his determination will be reversed only for a clear abuse of discretion. See *Fialkow* v. *DeVoe Motors, Inc.*, 359 Mass. 569, 576-577 (1971); *Bergdoll* v. *Suprynowicz*, 359 Mass. 173, 175 (1971); *Torre* v. *Harris-Seybold Co.*, 9 Mass. App. Ct. 660, 663-664 (1980); J.R. Nolan, Civil Practice § 842, at 75 (1975). Among the grounds on which a judge may grant a new trial is a proper determination that his instructions to the jury were prejudicially incorrect. *Hall* v. *Giusti Baking Co.*, 322 Mass. 317, 318, 320 (1948). See J.W. Smith & H.B. Zobel, *supra* at § 59.6. We include, within the discretionary authority of a trial judge, the right to consider developments in the law occurring after the entry of judgment and before disposition of a motion for a new trial. It is settled that appellate courts will properly note developments in the applicable law that

have occurred after entry of a judgment below. See *Reiter Oldsmobile, Inc.* v. *General Motors Corp.,* 378 Mass. 707, 712 (1979); *Rent Bd. of Boston* v. *Druker,* 370 Mass. 348, 349 (1976); *Commonwealth* v. *Horton,* 365 Mass. 164, 172 (1974). Similarly, a trial judge may act to reflect developments in the law which affect the correctness of determinations or rulings made by him. See *Hingham* v. *Director of the Div. of Marine Fisheries,* 7 Mass. App. Ct. 908, 908-909 (1979); *Kruse* v. *Zenith Radio Corp.,* 82 F.R.D. 66, 69-70 (W.D. Pa. 1979); *Bucantis* v. *Midland-Ross Corp.,* 81 F.R.D. 623, 625 (E.D. Pa. 1979). If a judgment is final, however, changes in the law alone would not justify reopening the judgment. See *Bouchard* v. *DeGagne,* 368 Mass. 45, 49 (1975).

We must then consider (a) whether the judge abused his discretion in concluding that his charge to the jury was deficient in light of the law announced in the three July 6, 1978, opinions of this court and (b) whether, assuming such a deficiency, the judge abused his discretion in concluding that a new trial was appropriate in the interests of justice. We need not recite the various legal principles and clarifications in the law of products liability that are set forth in the *Smith, Swartz,* and *Back* opinions. These opinions provided new potential arguments for the plaintiff and led to appropriate revisions in the nature and scope of proper jury instructions in such a case, as the instructions given at the second trial of this case demonstrate.

We cite two examples of how one of these opinions might have had an effect on this case. In *Back* v. *Wickes Corp.,* 375 Mass. 633 (1978), we noted that a manufacturer could be held liable for breach of the warranty of merchantability if it failed adequately to warn of the hazards of a foreseeable misuse of the product. *Id.* at 640-641. If an instruction reflecting this principle had been given in this case, the jury might have found that the plaintiff's use in a heavy job of safety glasses which were designed for normal welding was a reasonably foreseeable misuse of the safety glasses against which the defendant should have warned. Secondly, in the

*Back* opinion, the court noted that in deciding whether a product is unreasonably dangerous and, therefore, defective, "the jury must weigh competing factors much as they would in determining the fault of the defendant in a negligence case" and make "a judgment as to the social acceptability of the design." *Id.* at 642. The instructions at the first trial did not present the issue in this way. The judge did not abuse his discretion in ordering a new trial at which these questions could be presented to the jury.

The defendant argues that all of this is irrelevant because the jury found that the defendant's negligent failure to warn did not cause the plaintiff's injury. The claim is that the issue of causation was fully decided against the plaintiff by the first jury. This argument must fail because, had the jury been adequately instructed pursuant to the law stated in the three 1978 products liability cases, they might have found (as did the jury in the second trial) breaches of warranty on other bases that were causally related to the plaintiff's injury.

In a case in which there is an error of law in jury instructions, the question whether substantial justice requires a new trial cannot be answered by trying to decide whether the jury result necessarily would have been different. No one can tell. We think it is sufficient to justify a trial judge's determination to grant a new trial for defects in his jury instructions, if an appellate court would have reversed the judgment had those instructions been properly challenged on appeal. See *Pfeiffer* v. *Salas,* 360 Mass. 93, 101 (1971). This is such a case.

We find no merit in the defendant's argument that it was denied its constitutional right to a trial by jury when the judge ordered a new trial. This argument is expressed to us solely in terms of the Seventh Amendment to the Constitution of the United States which has no application to this State civil trial. See *Curtis* v. *Loether,* 415 U.S. 189, 192 n.6 (1974); *Colgrove* v. *Battin,* 413 U.S. 149, 169 n.4 (1973) (Marshall, J., dissenting). Considered in terms of art. 15 of

the Declaration of Rights of the Constitution of the Commonwealth, the argument has no merit in a case where the trial judge did not abuse his discretion in ordering a new trial.  See *Torre* v. *Harris-Seybold Co.*, 9 Mass. App. Ct. 660, 664-665 (1980).

*Judgment affirmed.*