Forte, J
This action was commenced on March 24, 1981 based on a construction contract. The defendant was defaulted for failure to file an answer, and after an assessment of damages, execution issued on November 5, 1981. On November 23, 1981, the default was removed and the defendant’s *108 motion to file an answer late was allowed on May 12, 1982. The answer included a counterclaim. After eight continuances for trial (each trial date was set by agreement of the parties), on May 24,1983, the action was dismissed when neither party appeared for trial. On June 1,1983 on the defendant’s motion, the case was restored to the trial list. Trial finally commenced on June 21.1983. The resumption of trial was continued two more times to December 7.1983.
On November 22, 1983 defense counsel filed a motion to withdraw with notices sent to plaintiffs counsel and the defendants. The motion to withdraw states counsel had been informed “the defendants did not have confidence in defendant’s counsel. Further Milman has not indicated after conversation, whether or not I should continue as counsel.”
On December 7,1983, the trial judge, during a lobby conference with both counsel, informed counsel “the case was to go forward that day, and that the court would question the defendant, on the record, concerning whether the defendant would consent to the withdrawal of counsel.” The court then-instructed defense counsel to inform the defendant that the case would go forward that day, either with or without the defendant being represented by counsel.
Thereafter, the defendant was questioned in open court and was asked several times if he wished for counsel to withdraw, being told the trial would proceed that day even if counsel withdrew. The defendant assented to defense counsel’s withdrawal, whereupon counsel left the court.
The defendant then requested a continuance to obtain new counsel. When this request was denied, the defendant stated he misunderstood the court, that he did want trial counsel to act on his behalf or in the alternative a continuance for new counsel. Unable to locate the original defense counsel, the trial continued and was completed that day. The court found for the plaintiff on the complaint and for the defendant-in-counterclaim.
Nine days later, the defendant filed a motion for a new trial and to vacate judgment which was argued on January4,1984 and denied on April 30,1984. A draft report was timely filed, and after hearing, was settled seven months later. No notice was sent by the clerk as required by Dist./Mun. Cts. R. Civ. P. to the parties prior to the expiration of three months after the filing of the draft report.
The defendant is aggrieved by the court’s denial of the motion to vacate judgment and to grant a new trial.
There was no error.
A motion for relief from judgment, Dist. Mun. Cts. R. Civ. P., Rule 60 (b) (6), is addressed to the discretion of the trial judge and a court’s action will not be reversed on appeal save for abuse. Parrell v. Keenan, 389 Mass. 809 (1983).
A trial judge has broad authority to grant or deny a new trial and his determination will be reversed only for a clear abuse of discretion. Galvin v. Welsh Manufacturing Co. 382 Mass. 340, 343 (1981).
‘Discretion means a decision of what is just and proper in the circumstances ...’ (citation omitted); whether action within the discretion of the court shall be taken or not ‘is ordinarily... a question of fact whether, under the rules of law and the established principles of practice, having regard to the rights and interests of all the parties, justice and equity require’ the action in question. Long v. George, 296 Mass. 574, 578 (1937).
Discretion “imports the invocation by a clear and trained mind of reason, courage, impartiality and conscience to accomplish in a calm spirit a result in *109 conformity to law and just and equitable to all parties.” Kravetz v. Lipofsky, 294 Mass. 80, 83 (1936). “ ‘Abuse of discretion’ consists of judicial action “that no conscientious judge, acting intelligently could honestly have taken’ ” Bartley v. Phillips, 317 Mass. 35, 43 (1944).
Considering the history of this case and more particularly the judge’s clear instruction to the defendant that the trial was set for that day and would resume whether or not the defendant wanted counsel to continue or withdraw, there was no abuse of discretion in the denial of the motion. The motion for a new trial and relief from judgment was the defendant’s attempt to be relieved of his decision to proceed without counsel.
Report dismissed.