Hamlin, J.
This case comes before this Court on plaintiffs Motion for a New Trial pursuant to Mass.R.Civ.P. 59. After a trial of this medical malpractice case in the Middlesex Superior Court, the jury returned a verdict in favor of the defendant. The plaintiff claims that the defendant’s failure to supplement its response to the plaintiffs expert interrogatories on the subject matter and substance of the expert testimony of William F. Lane, D.M.D. in accordance with Mass.R.Civ.P. 26(e)(1)(B) unfairly prejudiced the plaintiff in the presentation of his case. After considering the parties’ oral arguments and written memo-randa, this Court finds that the plaintiff was unfairly surprised and severely prejudiced in this regard and rules that the plaintiff is entitled to a new trial.
FINDINGS OF FACT
Based upon the examination of the reasonable and credible facts and reasonable inferences to be drawn therefrom, this Court makes the following findings of fact.
An examination of the defendant’s answers to interrogatories in conjunction with the testimony of the defendant’s expert, Dr. William F. Lane, D.M.D, (Dr. Lane), the last witness in this case, reveals diametrically opposite information. This is a medical malpractice case where expert testimony is required. The issues testified to by the experts including Dr. Lane, the only expert for the defense, were crucial and central to the outcome of this case and not within the knowledge of a lay juror.
At trial, Dr. Lane testified on cross-examination that prophylactic antibiotics were not necessary and were not prescribed (TR. 4-54) because “it is unusual” (TR. 4-63), “a remote risk” (TR. 68), “very uncommon” (TR. 64), for a fistula to develop between the oral and sinus cavities following extraction. Dr. Lane further testified that there was no evidence of infection (TR. 4-58).
By direct contrast, in defendant’s answers to expert interrogatories, the defendant stated as part of pretrial discovery concerning Dr. Lane’s expected testimony, that it is not unusual for a fistula to develop or exist between the oral and sinus cavities following the extraction of a second molar. Further, during this pre-trial discovery, defendant indicated that Dr. Lane would testify that prophylactic antibiotics were prescribed and administered in a timely fashion following the extraction, and the referral to an oral surgeon, when the infection was appreciated was timely and appropriate. An examination of Dr. Lane’s two reports dated September 5, 1990 and June 11 1991, reveal a contradiction in Dr. Lane’s reports on crucial issues.
Plaintiffs counsel prepared and presented his case in reliance upon the defendant’s answers to interrogatories. He suffered unfair surprise and severe prejudice at the trial when Dr. Lane testified in a manner directly contradictory to the answers to interrogatories. This is a situation which Mass.R.Civ.P. 26(e)(1) is designed to avoid. Further, there is a continuing obligation on parties to supplement answers regarding the substance of expert testimony. Neither Dr. Lane nor defendant’s counsel had copies of Dr. Lane’s two reports with them in court during the doctor’s testimony.
The defendant’s counsel admitted that the answers to expert interrogatories were not accurate.
The defendant violated the duty prescribed by Mass.R.Civ.P. 26(e)(1) and (2).
RULINGS OF LAW
A judge may grant a motion for a new trial “in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the Commonwealth.” Galvin v. Welsh Manufacturing Co., 382 Mass. 340, 342 (1981); Mass.R.Civ.P. 59(a)(1).
*609 The plaintiff argues that the defendant’s failure to supplement its response to the plaintiffs expert interrogatories on the subject matter and substance of the expert testimony of William F. Lane, D.M.D. in accordance with Mass.RCiv.P. 26(e)(1)(B) unfairly prejudiced the plaintiff in the presentation of his case. According to Mass.R.Civ.P. 26(e)(1)(B) “a party is under a duty seasonably to supplement his response with respect to any question directly addressed to . . . the substance of [an expert witness] testimony.” Mass.RCiv.P. 26(e)(1)(B). Further Rule 26(e)(2) imposes the following duty on a party:
A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.
This is a continuing obligation even during trial. Weiss v. Chrysler Motors Corporation, 515 F.2d 449, 457 (2nd Cir) 1975.
“Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.” Hickman v. Taylor, 329 U.S. 495, 507 (1947).
At trial, Dr. Lane’s testimony contradicted his answers to expert interrogatories on several crucial issues relating to the proper treatment of a patient after extraction of a tooth, the likelihood that a fistula would develop after extraction and whether there was any evidence of infection in the patient’s mouth after extraction. These issues were crucial to the jury’s determination of whether there was malpractice. Dr. Lane denied ever making conflicting statements in his answers to expert interrogatories. This surprise testimony caught the plaintiffs counsel off guard and severely affected his ability to effectively cross-examine Dr. Lane.
Upon the basis of the foregoing, a new trial is necessary in order that justice be done. Smith v. Ford Motor Co., 626 F.2d 784 (1980). Voegeli v. Lewis, 568 F.2d 89, 97 (1977).
ORDER
Based on the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for a new trial is ALLOWED.