Doerfer, J.
Plaintiffs, Joel Argueta, Edwin Argueta, and Angel Galvez, brought an action in negligence against the Massachusetts Bay Transportation Authority (“MBTA”) arising from three incidents of kidnapping and sexual assault by Kheyberk Fharahk (“Fharahk”), a third party impersonating an immigration official. Fharahk abducted each plaintiff from the Government Center MBTA station. On May 20, 1994, the jury returned a verdict in favor of the three plaintiffs and awarded each plaintiff $250,000.00 in damages. The MBTA has now moved for a new trial on the grounds that (1) the verdict for the plaintiffs is against *17 the great weight of the evidence; (2) the damages awarded are excessive and disproportionate to the injuries proven; (3) the trial judge committed reversible errors of law in failing to instruct the jury adequately on issues of comparative negligence and issues of proximate and superseding cause and (4) the verdict is the result of juror misconduct. For the reasons set forth below, the defendant’s motion for a new trial is denied.
DISCUSSION
Mass.R.Civ.P. 59(a)(1) allows a judge to grant anew trial “for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the Commonwealth.” Mass.R.Civ.P. 59(a)(1); see also Galvin v. Welsh Manufacturing Co., 382 Mass. 340, 342 (1981). However, a judge should not order a new trial unless “the failure to do so appears to the [trial] court inconsistent with substantial justice.” Galvin v. Welsh Manufacturing Co., supra at 343.
I.
The MBTA asserts that the jury verdict is against the great weight of the evidence because the plaintiffs failed to prove that the MBTA should have reasonably foreseen Fharahk’s criminal acts.
The grant or denial of a motion for “a new trial on the ground that the verdict is against the great weight of the evidence rests in the discretion of the judge.” Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 127 (1992), quoting Bergdoll v. Suprynowicz, 359 Mass. 173, 175 (1971). The judge should set aside the verdict “only if he is satisfied that the jury failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.” Bolton v. Massachusetts Bay Transportation Authority, 32 Mass.App.Ct. 654, 658 (1992), quoting Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 36, 60 (1948); Gleason v. Source Perrier, S.A., 28 Mass.App.Ct. 561, 563 (1990).
In Magaw v. Massachusetts Bay Transportation Authority, 21 Mass.App.Ct. 129, 131 (1985), the Appeals Court held that the MBTA is a common carrier who owes “its passengers the highest degree of care in the anticipation and prevention of violence from . . . even strangers.” Magaw, supra at 131. In the instant case, the jury could have relied on the testimony of various MBTA employees and commuters who witnessed Fharahk’s activities in the MBTA station on several occasions, in finding that Fharahk’s criminal acts were, or should have been, foreseen by the MBTA. In particular, there was testimony that the MBTA stopped Fharahk once in the process of apprehending someone. Fharahk was unable to produce a warrant and let the victim go. The MBTA failed to conduct any further investigation of Fharahk’s conduct. Consequently, the jury could have found that the MBTA breached its duty to the plaintiffs in failing to investigate Fharahk’s authority and that this breach of duty was the proximate cause of the plaintiffs’ injuries. “The question of negligence is one of fact for the jury.” Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983), quoting Luz v. Stop & Shop, Inc. of Peabody, 348 Mass. 198, 203-04 (1964). Because the court finds the jury verdict to be supported by credible evidence, a new trial is not warranted on this ground. See Gleason v. Source Perrier, S.A., 28 Mass.App.Ct. 561, 563 (1990).
II.
The MBTA further argues that the court should grant a new trial because the damages awarded by the jury are excessive and greatly disproportionate to the injury proven. Our courts have held that motions for a new trial based on excessive damages “ought not to be granted unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result.” Walsh v. Chestnut Hill Bank & Trust Co., 414 Mass. 283, 292 (1993), quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 496 (1920).
The award of damages to the plaintiffs in this case clearly does not rise to the level of a “miscarriage of justice.” In evaluating the damages suffered by the plaintiffs, the jury could have drawn upon the evidence that the plaintiffs were abducted, placed in fear of their lives, and subsequently sexually assaulted by a male assailant. Further, the jury could have relied on the plaintiffs’ testimony regarding their mental distress after the incident and their continuing need to participate in psychotherapy sessions. Finally, the jury could have deemed the plaintiffs’ psychiatrist credible, who testified that each plaintiff is suffering from Post-Traumatic Stress Disorder, an affliction of indefinite duration. In sum, the plaintiffs presented sufficient evidence at trial upon which to support the jury’s award of damages.
III.
The MBTA argues that the judge committed reversible error in granting plaintiffs’ motion in limine to preclude the MBTA from introducing evidence of comparative negligence on the part of the plaintiffs and in failing to instruct the jury on comparative negligence. In the MBTA’s opposition to plaintiffs’ motion, the MBTA’s only allegation of comparative negligence on the part of the plaintiffs was that “they should have called to the attention of some MBTA personnel the fact that Mr. Fharahk was taking them without their consent.” (Defendant’s Opposition p. 2.) However, at the hearing on the motion, the MBTA’s counsel conceded that the plaintiffs had no duty to report the incident to the MBTA police or to the MBTA. Thus, in failing to demonstrate a duty on the part of the plaintiffs to the MBTA, this court properly excluded such evidence from the trial and properly omitted the issue of comparative negligence from its jury instructions.
Defendant’s counsel argues that he was precluded from introducing any evidence of comparative negli *18 gence. A review of the transcript does not support this position. The only theory of comparative negligence argued by defendant in opposition to the plaintiffs’ motion in limine was that the second and third victims had knowledge of the first victim’s experience and should have taken some steps to protect themselves from a similar attack. But the only suggestion made by defendant’s counsel was that they (1) should have protested their apprehension or resisted or cried out or (2) avoided the situation altogether. Defendant agreed, on the other hand, the plaintiffs did not have a duly to stay out of the MBTA station. Defendant also agreed the plaintiffs had no duty to report the crime to the MBTA. In short, defendant wanted to argue that they had some duty to protest their apprehension, but was unable to articulate how that could happen other than by resisting their unlawful “arrest. ” Furthermore, even at the time of their apprehension, there was no evidence that plaintiffs had reason to believe that the culprit was not a law enforcement officer who was abusing his authority.
The court did rule that these facts would not support a jury in finding comparative negligence. The court did, however, leave counsel the opportunity to develop whatever other evidence it could at trial on the issue of comparative negligence. The issue was not raised again.
The MBTA further asserts that the judge committed reversible error in failing to instruct the jury adequately on the issues of superseding and proximate cause. This assertion is premised on the faulty argument that the intervening criminal act of Fharahk was a superseding cause which severed the chain of proximate causation. This argument is not supported by recent Massachusetts cases concerning premises liability. In Magaw v. Massachusetts Bay Transportation Authority, supra, the Appeals Court held that a criminal attack in a subway underpass did not break the chain of proximate causation when the MBTA should have foreseen the risk of such an attack. “The act of a third party does not excuse the first wrongdoer if such act was, or should have been foreseen.” Magaw, supra at 135 quoting Mullins, supra at 62-63. In Flood v. Southland Corp., 416 Mass. 62 (1993), the Supreme Judicial Court rejected the argument of a 7-Eleven store operator that it was not liable to a customer who had been stabbed by another customer outside the store. The Court stated that the defendant “owed a duty of reasonable care to the plaintiff to prevent injury by third persons whether their acts were accidental, negligent, or intentional.” Flood, supra at 72 (citations omitted). The Court found that the store employee’s awareness of a group of intoxicated boys gathered outside of the store presented a jury question as to whether the stabbing was reasonably foreseeable. Id. at 73. In Fund v. Hotel Lenox of Boston, Inc., 418 Mass. 191 (1994), a hotel guest was stabbed to death in her room by an unidentified assailant. The Court vacated the summary judgment for the hotel on the grounds that a jury could find an attack to be within the reasonably foreseeable risk of harm created by the hotel’s negligence in providing security for its guests. Fund, supraat 192-94. See also Sharpe v. Peter Pan Bus Lines, Inc., 401 Mass. 788, 793 (1988) (holding jury was warranted in finding victim’s stabbing in bus terminal was a reasonably foreseeable risk created by Peter Pan’s failure to provide uniformed security personnel).
The jury was properly instructed that, in order to find negligence, the MBTA’s actions or failure to act must be a “substantial factor” in causing the plaintiffs’ injuries. Furthermore, the jury was instructed that the MBTA must have reasonably foreseen the risk of harm to the plaintiffs. As previously discussed, the jury rationally found that the MBTA should have foreseen the attack and taken steps to prevent the crime. In light of this finding, Fharahk’s criminal acts do not. supersede the liability of the MBTA and failure to instruct on the superseding effect of Fharahk’s acts was not prejudicial to the MBTA. See Galvin v. Welsh Manufacturing Co., supra at 343; Hall v. Giusti Baking Co., 322 Mass. 317, 318, 320 (1948).
IV.
The MBTA’s final argument in support of its motion for a new trial is that juror misconduct prejudicially denied the MBTA its right to a fair and impartial trial. The MBTA offers the affidavit of Sarah M. Rielly, a juror, who states inter alia that “the jury disregarded the evidence completely and rendered the verdict completely out of emotion.” (Rielly Affidavit, p. 2.)
Courts are required to “protect jurors and their verdicts from unwarranted intrusions.” Markee v. Biasetti, 410 Mass. 785, 789 (1991); Commonwealth v. Fidler, 377 Mass. 192,195 (1977). In Commonwealth v. Fidler, the court held that the introduction of juror testimony in support of a new trial should be limited to the “existence of extraneous ‘disturbing’ influences.” Fidler, supraat 197. Ms. Rielly’s affidavit does not point to any extraneous matters or outside influences on the jury, such as improper communications with third persons or consideration of documents not offered into evidence. Fidler, supraat 197. Rather, Ms. Rielly’s affidavit solely addresses the mental processes of the jurors during deliberations. It is well established that “evidence concerning the subjective mental processes of jurors, such as the reasons for their decisions” is not permitted. Commonwealth v. Laguer, 410 Mass. 89, 96 (1991), quoting Fidler, supra at 198. Thus, Ms. Rielly’s affidavit is not sufficient to establish jury misconduct which would warrant a new trial.
ORDER
For the foregoing reasons, the defendant Metropolitan Bay Transportation Authority’s Motion for a New Trial must be DENIED.