Hillman, J.
The plaintiff, Messia Tocci (Tocci), brought this action against the defendants, Anthony DePasquale, Margaret DePasquale and Germaine De-Pasquale (the DePasquales) alleging fraud or misrepresentation, breach of fiduciary duty, rescission and reformation, arising from the plaintiffs transfer of a portion of her land to the defendants on May 31, 1988. The plaintiff is the mother of defendant Germaine DePasquale and grandmother of defendant Anthony DePasquale; defendant Margaret DePasquale is Anthony’s wife. The plaintiff contends that she was misled by all defendants into transferring a larger parcel of her land to Anthony and Margaret, on which they built a home, than she intended. Following a two-day trial on June 1 and June 2, 1999, a jury sitting in Worcester Superior Court returned a verdict in favor of the plaintiff, on Count II of the complaint for breach of fiduciary duly. The jury awarded damages in the amount of $40,000. The court directed the verdict for the defendants on Count I for fraud or misrepresentation and reserved judgment on Count III, rescission, and Count IV, reformation. The defendants now move for a judgment notwithstanding the verdict (judgment n.o.v.) or in the alternative, for a new trial.
DISCUSSION
Motion for Judgment Notwithstanding the Verdict
The test for granting motion for judgment n.o.v. is the same as that for granting a directed verdict. Miga v. Holyoke, 398 Mass. 343, 348 (1986); Intern’l. Totalizing Sys., Inc. v. Pepsi Co., Inc., 29 Mass.App.Ct. 424, 429-30, rev. denied, 408 Mass. 1105 (1990). See also Cambridgeport Savings Bank v. Boersner, 413 Mass. 432, 438 (1992). The court cannot weigh the evidence, consider the credibility of the witnesses, or substitute its judgment of the facts for that of the jury. O’Shaughnessy v. Besse, 7 Mass.App.Ct. 727, 728 (1979), rev. denied, 378 Mass. 801 (1979). The court’s function is limited to determining whether the verdict is one that no reasonable jury could have reached on any view of the evidence. Tosti v. Ayik, 394 Mass. 482, 494 (1985); Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). Granting or denying of a judgment n.o.v. on this ground rests in the sound discretion of the trial judge. Moose v. Massachusetts Institute of Technology, 43 Mass.App.Ct. 420, 426 (1997). A judge should exercise his discretion only when the verdict is so greatly against the weight of the evidence as to induce, in his mind, the strong belief that it was not due to a careful consideration of the evidence but that it was the product of biased misapprehension or prejudice. Id. at 426.
The discretion of the trial court in ruling on a motion for judgment n.o.v. is narrowly circumscribed. The touchstone of the trial judge’s function in evaluating these motions is to consider all the evidence in the light most favorable to the non-moving party. The court must determine whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the non-moving parties on each element of their claims. Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 121 (1992). That is, if there is any rational basis for the jury’s verdict, it must stand.
Here, the defendants move for a judgment n.o.v. on the count for breach of fiduciary relationship. In support of their motion, the defendants contend that the jury was presented with insufficient and even contrary evidence to allow a reasonable fact finder to determine that the relationship between plaintiff and defendants rose to the level of a fiduciary relationship. “Ordinarily, family relations do not suffice to create a fiduciary relationship that heightens scrutiny for fraud or undue influence.” Cleary v. Cleary, 427 Mass. 286, 292-93 (1998). Specifically, the defendants contend that the jury based their decision on an emotionally biased review of the evidence. In order for that relationship to rise to that of a fiduciary, the plaintiff must show more than family ties; dependence on the defendants’ judgment on business or property matters must be shown. Id. at 293, n.3. In the present case, the court instructed the jury to consider the following factors in making the determination as to whether a fiduciary relationship exists: the relationship of the parties prior to the transaction; any specialized knowledge that the defendants might have regarding the subject matter of the transaction; and the willingness of the plaintiff to defer to the judgment and guidance of the defendants in complicated matters.
In support of their motion, the defendants argue that the plaintiff herself testified that the she was an independent person, particularly since the death of her husband in 1983 and that the defendants did not participate in the management of her affairs. However, a fact finder could draw a reasonable inference that since she lived next door to them for many years and had a family relationship, she relied on them to guide her on the property transfer issues. Further, evidence was presented that the defendants created the plan for the parcel of land and did all of the work to ensure *459 that it passed muster with the local planning and zoning authorities. The information was presented with little or no explanation to the plaintiff at the time of the transfer of the land, and a jury could infer that the plaintiff relied on their representations on issues concerning the property. The plaintiff testified that she did not discuss the property transfer with any of the defendants prior to signing the deed and that she trusted them. Accordingly, the jury could reasonably have found that the plaintiff depended on the judgment of the defendants in property matters and therefore the jury’s finding of a fiduciary relationship was supported by the evidence. Cleary, supra at 293, n.3.
Motion for a New Trial
The defendants move in the alternative for a new trial based on an excessive award of damages. Mass.R.Civ.P.-59(a)(1) allows a judge to grant a new trial “for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the Commonwealth.” Mass.R.Civ.P. 59(a)(1); see also Galvin v. Welsh Manufacturing Co., 382 Mass. 340, 342 (1981). However, a judge should not order a new trial unless “the failure to do so appears -to the [trial] court inconsistent with substantial justice.” Galvin, supra at 343. The allowance of a motion for a new trial based on inadequate or excessive award of damages rests in the sound discretion of the trial judge. Thayer v. Pittsburgh-Corning Corp., 45 Mass.App.Ct. 435, 443 (1998).
The defendants argue that in the instant case, where the plaintiff introduced evidence that there was a diminution of value of the property after the transfer of $19,000, the jury award of $40,000 was excessive. The proper measure of damages resulting from the breach of fiduciary duty is either the diminution of the value of the plaintiffs property or the value of the land the defendants received as a result of the breach. The plaintiff also introduced evidence that the value of the defendant’s property which they acquired as a result of the breach was between $49,200 and $32,000. Accordingly, the court cannot conclude that the jury’s award of $40,000 was “inconsistent with substantial justice,” Galvin, supra at 343, or unsupported by the evidence.
Counts III and IV — Rescission and Reformation
As the plaintiff has obtained judgment in her favor, the court need not reach the issues of plaintiffs equitable claims for rescission or reformation of the deed.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motions for judgment notwithstanding the verdict, or in the alternative for a new trial are DENIED.