THOMAS L. BALLERINO & another[1] *vs.* DONNA LEE BALLERINO.[2] March 22, 2002. *Minor,* Visitation rights. *Grandparent. Constitutional Law,* Waiver of constitutional rights, Divorce. *Waiver.*

A judge in the Probate and Family Court granted the plaintiffs, the paternal grandparents of the minor female child of the defendant, visitation with the child. The judgment entered on the complaint of the plaintiffs for such visitation under G. L. c. 119, § 39D, the so-called grandparent visitation statute.[3] The defendant thereafter filed a motion under Mass. R. Civ. P. 52 (b), as

---

[1]His wife, Patricia Ballerino.

[2]Her former husband, Thomas A. Ballerino, was named in the complaint. He filed an assent "to the filing and allowance" of the plaintiffs' complaint. He did not appeal from the judgment, and is not a party to this appeal.

[3]The statute reads, in pertinent part, as follows:

"If the parents of an unmarried minor child are divorced, married but living apart, under a temporary order or judgment of separate support, or if either or both parents are

amended, 423 Mass. 1402 (1996), and Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), to amend the judgment or, in the alternative, for a new trial.[4] The motion asserted, for the first time, that G. L. c. 119, § 39D, violated the defendant's due process rights under the Federal and State Constitutions in view of the decision of the United States Supreme Court in *Troxel* v. *Granville*, 530 U.S. 57 (2000). The judge denied the motion, noting, among other points, that the issue of the constitutionality of the statute had not been raised in a timely manner. The defendant appealed from the judgment and the order denying her posttrial motion. We granted her application for direct appellate review, and we now affirm.

The judge acted well within his discretion in denying the defendant's posttrial motion. See *R.W. Granger & Sons* v. *J & S Insulation, Inc.*, 435 Mass. 66, 79 (2001); *Galvin* v. *Welsh Mfg. Co.*, 382 Mass. 340, 343 (1981). No issue of Federal or State constitutional law was raised at the trial or prior to the entry of judgment. Although the *Troxel* case was not decided until after the date of trial, the constitutional principles expressed therein are not novel.[5] Cf. *Suboh* v. *Revere*, 141 F. Supp. 2d 124, 138-143, 139 n.9 (D. Mass. 2001) (rejecting qualified immunity claim for acts done in 1998 to the extent that *Troxel* case "is based wholly on Supreme Court precedent from well before 1998"). The State constitutional claims are also not novel. See *Opinion of the Justices*, 427 Mass. 1201, 1203 (1998). Thus, the defendant had ample opportunity to raise the constitutional issues at trial. Because the constitutional claims were not raised in a timely manner, the judge properly treated them as waived. We see no reason in this case to reach out and review or decide the claims. See *Cranberry Growers Serv., Inc.* v. *Duxbury*, 415 Mass. 354, 357 (1993); *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977).

The order denying the defendant's posttrial motion is affirmed. The judgment is affirmed.

*So ordered.*

*Stephen C. Maloney* for the defendant.

*Thomas J. Carey, Jr.* (*Jane M. Podolski* with him) for the plaintiffs.

deceased, or if said unmarried minor child was born out of wedlock whose paternity has been adjudicated by a court of competent jurisdiction or whose father has signed an acknowledgement of paternity, and the parents do not reside together, the grandparents of such minor child may be granted reasonable visitation rights to the minor child during his minority by the probate and family court department of the trial court upon a written finding that such visitation rights would be in the best interest of the said minor child; provided, however, that such adjudication of paternity or acknowledgement of paternity shall not be required in order to proceed under this section where maternal grandparents are seeking such visitation rights. No such visitation rights shall be granted if said minor child has been adopted by a person other than a stepparent of such child and any visitation rights granted pursuant to this section prior to such adoption of the said minor child shall be terminated upon such adoption without any further action of the court."

[4]The motions are more properly characterized as motions under the Massachusetts Rules of Civil Procedure, as the Rules of Domestic Relations Procedure do not apply to grandparent visitation actions. See Mass. R. Dom. Rel. P. 1 (2001).

[5]*Troxel* v. *Granville*, 530 U.S. 57 (2000), was decided just before the Probate and Family Court judge decided the case, but was not brought to his attention by counsel.

The following submitted briefs for amici curiae:

*Mary L. Bonauto, Jennifer L. Levi, & Karen L. Loewy* for Gay & Lesbian Advocates & Defenders.

*Christine Durkin & Pauline Quirion* for Greater Boston Legal Services & another.