The defendant, Dawn E. Stryker, appeals from an order denying her motion to terminate probation claiming that she faces additional punishment due to poverty. Because further findings are needed, we must remand the matter.
Background. In June of 2008, the defendant admitted to sufficient facts on charges of larceny over $250 and identity fraud stemming from her embezzlement of over $35,000 from her employer. She was sentenced to two years of probation with, as relevant here, a condition that she pay $28,200 in restitution. The restitution was to be paid in installments of "not less than $100 per month." Over the next approximately nine years the defendant's probation was extended, in part, for failing to report to her probation officer and failing to make the monthly restitution payments. The amount of her monthly restitution obligation was, at times, suspended, increased, and decreased. As of February of 2017, the defendant owed $14,220 in restitution.
On December 29, 2016, counsel was appointed for the defendant. Defense counsel subsequently filed a motion to terminate probation. After a hearing, the judge denied the motion and ordered that the restitution payments be reduced to $100 per month.
Discussion. We review restitution orders for an abuse of discretion or other error of law. Commonwealth v. Buckley, 90 Mass. App. Ct. 177, 180 (2016).[2] The defendant claims that the motion judge abused his discretion in denying her motion because there was substantial evidence that the defendant lacked the financial ability to pay the court-ordered restitution. In August of 2016, the Supreme Judicial Court in Commonwealth v. Henry, 475 Mass. 117 (2016), held that a judge must consider a criminal defendant's ability to pay when setting the restitution amount and may not impose a longer period of probation or extend the length of probation because of an inability to pay restitution. However, the burden of proving inability to pay restitution is on the defendant. Id. at 121. "In determining the defendant's ability to pay, the judge must consider the financial resources of the defendant, including income ..., and the defendant's financial obligations, including the amount necessary to meet minimum basic human needs such as food, shelter, and clothing ...." Id. at 126. A judge may also consider a defendant's ability to earn based on the defendant's employment history and financial prospects. Commonwealth v. Nawn, 394 Mass. 1, 8-9 (1985).
Here, the defendant on February 2, 2017, filed in the District Court a supplement to affidavit of indigency that she signed under the "penalties of perjury." She listed her employment as "[a]ccounting - self employed" with a gross annual income for the past twelve months and a monthly net income after taxes, but failed to list the types and amounts of taxes she paid. She also listed monthly expenses, which included education expenses for children and transportation expenses. She disclosed a bank account with de minimus value as her only asset and debts of "car payment" and "credit cards."
At the hearing on the motion to terminate probation, held the same day the defendant filed her supplement to affidavit of indigency, defense counsel argued to the judge that the defendant has a "limited ability to pay." Notably, the defendant did not claim she had no ability to pay. In ruling from the bench, the motion judge responded, "But if you can pay something, then I think you ought to pay something." He then denied her motion and reduced her monthly payment obligation to $100. Without specific factual findings, we cannot be sure what weight the motion judge gave to the defendant's claimed assets, expenses, and debts as set forth in the supplement to affidavit of indigency. We therefore must remand the matter for such findings by the motion judge.
Conclusion. So much of the order dated February 2, 2017, as denies the motion to terminate probation is vacated, and in all other respects the order is affirmed. The matter is remanded for further proceedings consistent with this memorandum and order.[3]
So ordered.
Affirmed in part; vacated in part and remanded

In her reply brief, the defendant argues that the standard of review is harmless beyond a reasonable doubt because "at issue is a constitutional error." At oral argument the defendant conceded that she did not raise any constitutional claims in her motion to terminate probation or during argument on that motion below. Accordingly, any such claims are not properly before this court. See Ballerino v. Ballerino, 436 Mass. 1005, 1006 (2002). We observe, however, that "extending the length of probation in ... circumstances [where a defendant is unable to pay] has not been recognized to be in violation of Federal constitutional law." Commonwealth v. Henry, 475 Mass. 117, 124 n.7 (2016), citing Bearden v. Georgia, 461 U.S. 660, 674 (1983).

Upon remand, whether the parties may conduct discovery or submit additional evidence lies within the discretion of the motion judge.