BERNARD J. BASCH AND SONS *vs.* TRAVELERS INDEMNITY COMPANY. June 6, 1984. *Practice, Civil,* Summary judgment, New trial.

The plaintiff (Basch) seeks to recover storage charges for a motor vehicle in which the defendant had an interest. A District Court judge denied the parties' cross motions for summary judgment, and, after trial, judgment was entered for the defendant. Basch filed no request for rulings of law. Basch moved for a new trial and for "Findings of Fact and/or Decision." The

judge denied both motions. Basch claimed a report to the Appellate Division of the District Courts, which found no merit in Basch's position and dismissed the report. We transferred here Basch's appeal, which erroneously had been entered in the Appeals Court. Basch challenges the judge's denials of its motions for summary judgment and for a new trial. We affirm the order dismissing the report.

There is a preliminary question, not briefed by either party, as to whether this court will review the denial of a motion for summary judgment for the appellant after a case has been tried and decided on the merits. We have previously suggested that we might be disinclined to grant such review. See *Schroeder* v. *Lawrence,* 372 Mass. 1, 4 & n.3 (1977), citing authorities declining review. For contrary authorities, see 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2715, at 637-638 (2d ed. 1983 & Supp. 1984). We do not decide the unargued issue because Basch cannot prevail in any event.

In its answer the defendant denied that the motor vehicle remained on Basch's premises during the entire period in question and denied that it refused to take possession of the vehicle throughout this period. Although the defendant's responses to requests for admissions admitted certain subsidiary facts which bear on these factual issues in a manner tending to support Basch, we cannot fairly conclude that, when the material before the motion judge is viewed in the light most favorable to the defendant, no material factual issue remained. *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 763 (1976). The defendant had no obligation to file affidavits or other verified materials. Basch filed no such material in support of its motion. Mass. R. Civ. P. 56 (a), (e), 365 Mass. 824 (1974). The fact that both parties moved for summary judgment does not mean that no material factual issue remained. See *Rains* v. *Cascade Indus., Inc.,* 402 F.2d 241, 245 (3d Cir. 1968). Basch's motion for summary judgment was properly denied.

Basch filed no requests for rulings of law. After the judge made his finding for the defendant, Basch by motion asked the judge to state the legal basis of his ruling. The judge advised the parties in writing of his willingness to receive written statements of law concerning at least one of the issues, but none was forthcoming. The only time the plaintiff appears to have informed the judge of its legal theory of the case was during oral argument on the posttrial motions. By failing to present timely written requests for rulings, Basch waived its right to appellate review of any error of law in the judge's denial of its motion for a new trial. See Dist. Mun. Cts. R. Civ. P. 64 (b) (1975); *Worcester County Nat'l Bank* v. *Brogna,* 386 Mass. 1002 (1982). The judge did not abuse his discretion in denying the motion for a new trial. *Galvin* v. *Welsh Mfg. Co.,* 382 Mass. 340, 343 (1981).

*Order dismissing report affirmed.*

*William P. Franzese* for the plaintiff.
*Walter C. Gallagher* for the defendant.