FREDERICK B. LEE *vs.* AUGUSTINE MESSINEO. December 28, 1984. *Practice, Civil,* Summary judgment.

The plaintiff, Frederick B. Lee, doing business as Taylor Rental Center, filed a complaint in a District Court alleging that the defendant or a codefendant, Bird, Inc. (Bird), leased a certain generator from the plaintiff on or about February 10, 1976, pursuant to a rental contract. The plaintiff further alleged that the defendant and Bird, or one of them, in violation of the contract, failed to exercise due care to prevent the theft or other loss of the generator. After trial, judgment was entered against the defendant and Bird. The defendant alone appealed to the Superior Court for jury trial, and after the case was entered in that court, the plaintiff filed a motion for summary

judgment. That motion was denied, and after a jury trial, a verdict was returned in favor of the defendant and judgment was entered. The plaintiff has appealed from that judgment.

This case has reached this court in a rather unusual posture. The summary judgment motion was filed after the plaintiff prevailed in the District Court and before a jury found for the defendant in the Superior Court. The plaintiff alleges no error at trial but rather argues that the motion judge's ruling on his summary judgment motion was error. The question that has been asked by the Supreme Judicial Court in a similar situation is "whether this court will review the denial of a motion for summary judgment for the appellant after a case has been tried and decided on the merits." *Bernard J. Basch & Sons* v. *Travelers Indem. Co.*, 392 Mass. 1002, 1003 (1984). The court "has previously suggested that [it] might be disinclined to grant such review". *Id.* citing *Schroeder* v. *Lawrence*, 372 Mass. 1, 4 & n.3 (1977), listing authorities declining review. The court, however, declined to decide the issue because it was not argued in *Bernard J. Basch & Sons, supra,* and the appellant could not prevail in any event. This case has reached us in a half-gaited fashion, with only the plaintiff-appellant filing a brief. We have decided that this case is not the vehicle that we should use to decide this important issue because of the lack of briefs from both sides and because the plaintiff cannot prevail in any event.

In support of his motion for summary judgment, the plaintiff submitted an affidavit that incorporated the decision of the District Court and the amount of damages assessed. This affidavit had the effect of shifting to the defendant "the burden of making a response setting forth specific facts showing that there was a genuine issue for trial." *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 245 (1976). The defendant responded with an affidavit of his lawyer who had represented him at the trial in the District Court. The affidavit set out certain admissions of the plaintiff that were contained in his testimony. According to the affidavit, the plaintiff admitted that he knew that the defendant was employed by the codefendant Bird at the time the rental agreement was signed, that the name "Bird, Inc." appeared at the top of the rental agreement before it was signed, and that he understood that Bird was going to use the rented generator at a nearby job site. The affidavit also contained statements made by the defendant under oath at the District Court trial. These statements sought to establish that it was Bird who was the party to the contract and not the defendant. We agree with the motion judge that the affidavit set forth specific facts showing that there was a triable issue. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 559 (1976).

*Judgment affirmed.*

*John T. Lamond & David J. Hart,* for the plaintiff, submitted a brief.