O’Toole, J.
We have before us a Report dated June 20,1984, which purports to present for review the denial of the defendant’s pretrial motion to dismiss. The defendant’s motion was grounded upon Dist./Mun. Cts. R. Civ. P., Rule 12(b)(1) (lack of jurisdiction over the subject matter) and Dist./Mun. Cts. R. Civ. P., Rule 12(b)(6) (failure to state a claim upon which relief can be granted).
The complaint alleged that the defendant owed the plaintiff money under a written separation agreement. The defendant asserted in the motion that because a divorce decree had entered in the Probate and Family Court Department, the Boston Municipal Court Department lacked jurisdiction to determine the issues raised by the complaint.[1] After hearing, the defendant’s motion was denied.
The denial of a pretrial motion to dismiss is by its nature an interlocutory event. The refusal to dismiss means that the case will go on, as it apparently did in this case. Although nothing in the Report before us refers to the subsequent proceedings in the case, the plaintiff-appellee’s brief informs us that the case was eventually tried. Thus, the ruling reported to us for review was both theoretically and actually interlocutory.
Under the statute governing review by the Appellate Division, G.L.c. 231, §108, a trial justice may report an interlocutory ruling:
If a single justice is of opinion that an interlocutory finding or order made by him ought to be reviewed by the appellate division before anyfurther proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties. Id. third paragraph, penultimate sentence.
Such a report is to be made ‘"without delay.” Dist./Mun. Cts. R. Civ. P., Rule 64(d).
The present Report was not made pursuant to this procedure. The motion judge did not report the question before any further proceedings in the trial court. It does not appear that he was asked to do so. Rather, the case went to trial, after which judgment entered for the plaintiff. The defendant then *102 apparently moved for a new trial, but the motion was denied. There is no report of any finding or order made by the trial judge nor of the denial of the new trial motion.
The Report ought to be dismissed. The mechanism for review of interlocutory orders, requiring the review to be conducted “without delay” and before any further proceedings at the trial level [(Rule 64(d); G.L.c. 231; § 108], was not invoked in this case, and the sound policy reflected in that mechanism is not pertinent. To review an interlocutory ruling immediately after it has been made and before there have been any further proceedings in the case permits, in an appropriate case, an appellate judgment as to whether the case should further progress in the trial court. For example, if a motion to dismiss were erroneously denied, immediate appellate correction of the error would bring the case to an end without further unnecessary proceedings. Thus, in some cases it will be salutary to have immediate review and, if need be, immediate correction of the interlocutory ruling.
However, to permit review of an interlocutory ruling after a trial on the merits, especially where there is no claim that any error was committed at the trial, as there is not here, would be pointlessly unproductive. Once the trial has been had, it becomes the focus of the question whether the rights of the parties have been justly determined. A potentially “outcome-determinative” issue (such as failure to state a claim or lack of jurisdiction) raised by pretrial motion is likely to continue to be of similar significance at the time of trial. If it is, it ought to be presented there, too, to be evaluated and ruled upon anew with the added illumination of the facts proved at trial.[2]
It cannot automatically be assumed that an error committed upon a pretrial motion will be continued if the question is raised to be ruled upon at trial. On a claim of lack of subject matter jurisdiction, for example, a motion judge considering a relatively truncated record may well conclude that the plaintiffs claim as set forth in the complaint falls within the court’s jurisdiction, while the trial judge, considering all the evidence, may conclude the opposite.[3]
Moreover, defects in existence at a pretrial stage may be correctable and indeed corrected by the time of trial. For example, a complaint may omit to allege properly all the elements of the intended cause of action, so that the complaint strictly speaking fails to state a claim for relief. Upon a Rule 12(b)(6) motion, such a complaint ought to be dismissed. But an error committed by a motion judge in refusing to dismiss such a complaint is not of enduring significance if, at the trial, the plaintiff actually proves all the elements of his case. See generally Dist./Mun. Cts. R. Civ. P., Rule 15, especially paragraph (bl__
*103 When a pretrial issue is raised again at trial, the perceived error will be either repeated or it will be corrected. If it is corrected, there should be no complaint about the prior interlocutory ruling. There is no need for post-trial review of a finding or order that has been supplanted. The parties may focus their and the appellate court’s attention on the later ruling made at trial. By the same token, if the pretrial error is repeated by the trial judge, the later error is capable of timely report and review, and the aggrieved party is in no way prejudiced by the unavailability of post-trial review of the earlier error.
In short, after a trial on the merits, what is important, and what ought to be subject to appellate scrutiny, is what happened at the trial. The trial is the opportunity for the litigants to present their fullest and strongest cases. After trial, pretrial error has either become irrelevant or has been repeated and become trial error. If the litigants are satisfied with the trial, as evidenced by their failure to appeal any finding or order made there, all issues should be considered resolved.
In the present case, the defendant objected at the outset that the complaint did not plead a cause of action that could be tried in the Boston Municipal Court. The two grounds asserted in the motion challenged the power of the court to grant the requested relief. Their importance as issues in the case did not diminish when the case came to trial. The defendant, unless he intended to abandon his argument, ought to have requested a ruling from the trial court that a judgment in his favor was required. See Dist./Mun. Cts. R. Civ. P., Rule 64(b). The denial of this requested ruling would then have been the proper subject of a report to the appellate division. We do not know whether the defendant made such a request of the trial judge; we have no report from the trial judge. Whatever the reason for the defendant’s failure to seek review of the trial judge’s findings and rulings, we hold that, the case having been fully tried, the defendant may not obtain review of the interlocutory order denying the motion to dismiss.
There does not appear to be any definitive statement in repotted Massachusetts cases adopting the proposition we follow, but there are strong intimations of support for it. In Schroeder v. Lawrence, 372 Mass. I (1977), Justice Kaplan, renowned for his learning in the field of civil procedure, writing for the Court, suggested that review of the denial of the plaintiffs motion for summaryjudgment might well have been foreclosed had the case been fully tried (as it had not been in that case) with a judgment for the defendant. Id. at 4. The issue was not squarely presented and consequently not decided.
The issue was presented, but not argued by the litigants, in Bernard J. Basch and Sons v. Travelers Indemnity Company, 392 Mass. 1002 (1984) (rescript). The court did not resolve the “unargued issue” but noted its previous suggestion in the Schroeder case that the court might be “disinclined” to “review the denial of a motion for summary judgment for the appellant after a case has been tried and decided on the merits.” Id. at 1003. See also Lee v. Messineo, 19 Mass. App. Ct. 901, 933 (1984)(rescript), in which the Appeals Court did not decide the issue because it had not been fully briefed.
A final point remains. As the dissenting member of the panel correctly points out, the defense of lack of subject matter jurisdiction is so fundamental that it may be raised at any time, either by the parties or by a court sua sponte. Dist./Mun. Cts. R. Civ. P., Rule 12(h)(3). In this case, it was raised at the outset by the defendant and determined against him. We have concluded that the issue is not properly presented for appellate review by the Report before us. It is doubtful that where an appeal is not properly taken, an appellate court may, solely on the basis of Rule 12(h)(3), consider whether a trial court had *104 erred in determining that it had jurisdiction over the action. Assuming it to be possible, however, it is nevertheless perfectly clear that the Boston Municipal Court had jurisdiction over the plaintiffs claim.
The complaint alleged that the parties had entered into a contract and that the defendant broke the contract.[4] The defense was that the probate decree had superseded the contract and rendered it unenforceable. This does not mean that the case had to be heard in the Probate Court, as a proceeding to enforce the decree would have to be.The complaint was a contract claim, and the Boston Municipal Court has jurisdiction to adjudicate contract claims. G.L.c. 218, §19. The defendant’s position, that there was no enforceable contract, is a common defense to a contract claim. If the defendant’s position had been accepted, the plaintiffs claim would have been defeated. In such event, the court would have adjudicated a contract claim and found for the defendant, not an uncommon occurrence. To say that the defendant ought to have won on the merits (a question not presented) is far different from saying that the claim lay outside the court’s jurisdiction.
Report dismissed.

 A copy of the Probate Court Order was attached to the defendant’s motion. Whether this transformed the motion into one for summary judgment [see Rule 12(b)] is not material to our disposition.

 We distinguish for the purposes of this opinion “non-substantive” interlocutory orders, such as discovery orders. An order precluding particular discovery may in fact be crucial toa party’s ability to present an effective case and, thus, may actually affect the outcome. There is ordinarily no reason or occasion for an issue affecting the conduct of the litigation to be re-presented to the trial judge. We do not consider whether an interlocutory order of this nature could be reviewed after trial where no attempt is made at an interlocutory review under section 108.

 Pertinent to this point is an observation made by the United States Court of Appeals for the Fifth Circuit. Acknowledging that a district court could determine the prerequisites of jurisdiction in advance of a trial on the merits, nevertheless the Court reversed a pretrial dismissal for lack of jurisdiction, noting that “where the factual and jurisdictional issues are completely intermeshed the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.” McBeath v. Inter-American Citizens for Decency Committee, 374 F. 2d 359, 363 (5th Cir. 1967). Similarly, the Eighth Circuit has said, “ [I]n resolving the question of the appropriateness of jurisdiction as measured by the legal certainty of plaintiffs claim, all doubts should be resolved by the district court in favor of allowing a plenary trial rather than a peremptory ‘trial’ under the guise of an evidentiary jurisdictional hearing.” Zunamon v. Brown, 418 F. 2d 883, 886 (8th Cir. 1969). Implicit in these statements is the recognition that proper determination of a challenge to the court’s jurisdiction may require a full evidentiary hearing. The point made in the text is a corollary to this proposition.

 The Report begins: 'This is an action in contract.. ."The dissent acknowledges that the complaint “stated a cause of action in contract"