Dolan, J.
This is an action based on a judgment entered in favor of the plaintiff against the defendant in Cook County Illinois. Plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 56 Motion for Summary Judgment was allowed an;d defendant appealed. He argues that the Illinois judgment is not entitled to frill faith and credit in our courts because it was entered by default, without a hearing to assess damages, in violation of Illinois law.
It is a general rule that where a court of another State which rendered judgment had jurisdiction of the parties and of the cause, the judgment is entitled to full faith and credit in this Commonwealth. Makorios v. H. V. Greene Co., 256 Mass. 598, 599 (1926). However, a defendant may assert in our courts that the foreign judgment is not entitled to full faith and credit because of irregularities in the foreign State’s procedure. Kesler v. Prichard, 362 Mass. 132, 134-135 (1972). In this action defendant, in his answer, raised the issue that the foreign judgment was entered in violation of Illinois law because it was entered without a hearing to assess damages.
In a motion for summary judgment, the burden is on the moving party to show that there is no genuine issue of fact as to anyrelevant issue raised by the pleadings. Because the issue of a hearing on the assessment of damages was raised, the plaintiff must meet the burden imposed on it on this issue. Berrios v. Perchik, 20 Mass. App. Ct. 930 (1985).
Although the affidavits filed by plaintiff do not directly state that an assessment of damages hearing was held, the records of the Cook County Illinois Court provide adequate evidence that such a hearing was held. After defendant’s default, a Notice of Motion For Judgment was mailed to defendant. The Notice of Motion For Judgment indicates that plaintiff would appear in court on a certain date and move for judgment in a certain amount. The Order of the Court indicates that the cause came to be heard on the date specified in the Notice of Motion For Judgment. It also indicates that judgment was entered by a judge in an amount less than the amount sought by plaintiff in its Notice of Motion for Judgment. A reasonable inference can be drawn that there was a hearing on damages in accordance with Illinois law and the plaintiff was awarded damages in a lesser amount than it sought.[1] The court’s records had the effect of shifting to the defendant the burden of making a *158 response setting forth specific facts showing that there was a genuine issue for trial. Lee v. Messineo, 19 Mass. App. Ct. 932, 933 (1984). Defendant did not file an affidavit setting forth facts, but merely relied on the allegation contained in his answer that there was no assessment hearing.
We rule that the plaintiff has met the burden imposed on it for the purpose of the Motion For Summary Judgment. The Report is dismissed.

 Subsequent to the hearing on the Motion for Summary Judgment which is the subject of this appeal, the Illinois Court denied defendant’s petition to vacate the default judgment. That petition was based, in part, on the alleged failure to hold an assessment of damages hearing. '