Banks, J.
This is an action pursuant to G.L.c. 93A, §9 brought by plaintiff Helen Limina against a former landlord, defendant Mary Tenaglia, for rents charged in excess of those permitted under the Boston rent control ordinance, Chapter 34 of the City of Boston Ordinances of 1984.
The facts relating to the defendant^s liability for rent overcharging are not in dispute and were, in fact, stipulated by the parties. The apartment in question (#1 Dighton Street, Brighton) was one of thirteen rental units owned by the defendant. The plaintiff leased the apartment through a rental agent in June, 1987, and occupied it through July, 1989. The monthly rental rate during the period of the plaintiffs occupancy ranged from $600.00 at the commencement of the term to $731.00 at the end of the tenancy. The evidence established that the controlled rental rate for the unit was $249.00 per month, and that no record by the Boston Rent Equity Board could be found to indicate that this rent was ever changed before or during the period of the plaintiffs tenancy. The parties agreed that the monetary difference between the total rents paid by the plaintiff and the rents to which the defendant was entitled under the rent control ordinance was $9,900.00. The trial court found for the plaintiff in that amount, together with attorney’s fees and costs in the amount of $2,400.00.
The matter is now before this Division upon the plaintiffs appeal from the trial court’s refusal to award G.L.c. 93A, §9(3) multiple damages and its failure to assess attorney’s fees in an amount greater than $2,400.00.
1. The plaintiffs claim for multiple damages rests on a document enclosed with the defendant’s response to the plaintiffs c. 93A demand letter. By such letter, dated November 16, 1989, the plaintiff informed the defendant that the rental unit in *59 question had not been decontrolled, and that there had thus been a rent overpayment of $9,900.00. The plaintiff demanded settlement in the amount of $15,000.00.
The defendant responded by letter dated November 17,1989 as follows:
As per our conversation on 11-17-89, enclosed you will find a copy of the vacancy decontrolled [sic] document for apt. #1 at 29 Dighton Street, Brighton, Ma.
As I told you on the phone, all my apartments are decontrolled units. The rent board also has a copy of all the decontrolled units.
The enclosed document was a single sheet of paper purporting to be a copy of a 1986 Certificate of Vacancy Decontrol issued by the Boston Rent Equity Board to relieve apartment #1 at 29 Dighton Street of the restrictions of the city rent control ordinance.
The plaintiff s contention at trial and on this appeal is that the purported Certificate of Vacancy Decontrol was falsified by the defendant or her agents for the purpose of dissuading the plaintiff from pursuing her consumer protection claim, and that the defendant’s action requires the assessment against her of punitive damages herein. To be entitled to multiple damages under G.L.c. 93A, §9(3),[1] it is incumbent upon a plaintiff to show that the defendant has willfully and knowingly committed an unfair or deceptive act or practice, Haddad v. Gonzalez, 410 Mass. 855, 869 (1991), or has failed to tender relief in response to a demand letter in bad faith and with knowledge or reason to know that such deceptive act has been committed. Bonofiglio v. Commercial Union Ins. Co., 411 Mass. 31, 36 (1991); Brandt v. Olympic Const., Inc., 16 Mass. App. Ct. 913, 916 (1983). The plaintiff argues that the defendant’s conduct satisfies each of the alternative, statutory requirements for multiple damages in that the defendanf s tendering of the falsified certificate constituted a willful act of deceit under the first clause of G.L.c. 93A, §9 (3), and the actual falsification of the document establishes both the defendant’s guilty knowledge of rent overcharging and her efforts to avoid granting relief under the second clause of §9(3). The plaintiff’s contention is set forth in requests for rulings numbers 9(b), and 10, the denials of which form the basis of the present appeal. The requests state:
9. Defendant’s actions constitute ‘unfair and deceptive acts or practices’ as those terms are used in M.G.L. Chapter 93A, Section 2(a) in that the defendant: ...
(b) in response to the plaintiffs demand letter prepared and tendered to the plaintiff a falsified Certificate of Vacancy Decontrol in order to justify rents charged to and received from the plaintiff.
10. Defendant's refusal to grant relief upon Plaintiff’s demand ‘was made in bad faith with knowledge or reason to know that the act or practice complained of violated... Section 2 [of Chapter 93A].’ Therefore, pursuant to M.G.L. Chapter 93A, Section 3, Plaintiff shall recover three times her actual damages of $9,900.00, or a total of $29,700.00.
*60 With regard to request number 9(b), the plaintiff appears to be asserting that a violation within the statutory process prescribed by G.L.c. 93A gives rise to a cause of action in its own right. Quite apart from the fact that the plaintiff has not followed the procedure of the statute for this claimed second violation (i.e., a demand letter), it does not appear that the design of Section 9 (3) lends itself to this interpretation and usage. Afair reading of Section 9 (3) suggests that unfair practices occurring within the procedural framework created by G.Lc. 93A are to be pursued under the second clause of §9(3) dealing with bad faith in failing to grant relief. As such, they are comprehended within plaintiffs request number 10.
The plaintiffs requests for rulings were properly denied for the reason stated by the court; namely, that the requests were predicated on facts inconsistent with the facts as found by the trial judge. Deutsch v. Ormsby, 354 Mass. 485, 497 (1968). The essence of the court’s decision was its specific finding of fact that:
[T]he landlord believed apartment #1 had been decontrolled and she possessed an allegedly valid statement certifying this fact from the Rent Board. [T]o her chagrin after this case surfaced, she discovered the records at the Boston Rent Control Board did not substantiate this and further that the Certificate was not in proper form.
The propriety of the court’s rulings and findings is not altered by the existence of evidence in the plaintiffs favor which establishes that the proffered Certificate of VacancyDecontrolwasnotacopyofanydocumentonfilewiththeRentEquity Board, or even by evidence which would have permitted a finding that the proffered Certificate was a pure fabrication. There is no question that the circumstantial case advanced by the plaintiff would, if accepted as fact by the trial court, have fully warranted a finding for the plaintiff on those facts prerequisite to the assessment of multiple damages. It is equally clear, however, that there was nothing to compel the court to find as a matter of law that the defendant had guilty knowledge of what the court refers to as the “erroneous” nature of the proffered document.[2] Compare Montanez v. Bagg, 24 Mass. App. Ct. 954, 956 (1987); Shaw v. Rodman Ford Truck Ctr., 19 Mass. App. Ct. 709 (1985). Where a question of law is presented for review involving findings of fact, the trial judge’s findings cannot be disturbed if they can be sustained upon any reasonable view of the evidence, Schon v. Odd Fellows Bldg. Assn., 255 Mass. 465 (1926), or unless they are wrong as a matter of law. Reid v. Doherty, 273 Mass. 106 (1934). Adeterminationthatthe defendant’s violation of G.L.c. 93Awas not willful or knowing, entailed no bad faith, or was not so “callous” and “egregious” as to require the imposition of multiple, punitive damages was a matter for the trial judge. International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 853 (1983); Brown v. LeClair, 20 Mass. App. Ct. 976, 980 (1985). There was no error of law.
There was also no error in the court’s award of only $2,400.00 in attorney’s fees to the plaintiff. The computation and allowance of reasonable attorney’s fees pursuant to G.L.c. 93A, §9 (4) is largely discretionary with atrial court. McGrath v. Mishara, 386 Mass. 74 (1982); Linthicum v. Archambault, 379 Mass. 387 (1979).
The plaintiff does notcontestthe dollarvaluation placed on her attorney’s services, *61 but instead charges error in the limitation of the time period for such services which the trial court deemed reasonable. The court found that on March 15, 1990, after commencement of suit but prior to discovery and trial, the defendant through her attorney offered to the plaintiff the full amount of the rental overcharge, $9,900.00. This was the amount subsequently awarded to the plaintiff after bearing. The defendant’s offer was rejected by the plaintiff. The court found that this was a reasonable offer, see Young v. Patukonis, 24 Mass. App. Ct. 907 (1987) and that attorney’s fees up until the time of the offer were compensable by the defendant, but not thereafter. The court’s finding mirrored the provisions of G.L.c. 93A, §9 (4) which states:
The court shall deny recovery of attorneys fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of [the plaintiff’s demand letter].
See generally, Briggs v. Carol Cars, Inc., 407 Mass. 391, 197 (1990).
The plaintiff properly points out that because the defendant’s offer was made long after the date of the demand letter and was not made in writing, the court was not bound in any way by G.L.c. 93A, §9(4).
However, the court found that the offer was made by the defendant’s attorney promptly upon his becoming apprised of the facts of this case, and that the return of the plaintiff’s rent overcharge was never seriously contested. Attorney’s fees are recoverable under §9(4) only in that amount which represents just compensation for the services of counsel in thecase viewed as a whole. Hanner v. Classic Auto Body, Inc., 10 Mass. App. Ct. 121 (1980). The amount of the overall recovery to which the plaintiff is entitled is one factor to be considered in assessing appropriate G.L.c. 93A attorney’s fees. Bertassi v. Allstate Ins. Co., 402 Mass. 366, 373 (1985).
Report dismissed.

 The statute provides: “If the court finds for the petitioner, recovery shall be in the amount of actual damages ortwenty-five dollars, whichever is greater, or up to three hut notless than two times such amountif the court finds thatthe use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in had faith with knowledge or reason to know that the act or practice complained of violated said section two.”

The reported evidence indeed supports a reasonable inference thatthe certificate may have been falsified, without the defendants knowledge or connivance, by either her granddaughter or her former accountant. These individuals participated in the management of the defendant’s rental properties, and may have acted to conceal from the defendanttheir neglect in not obtaining a decontrol certificate for #1 Dighton Street at the time valid certificates were obtained for the defendant’s 12 other units. Thus one other reasonable interpretation of the evidence permitted the trial court to find that the falsification of the certificate was intended to and did deceive not only the plaintiff, but the defendant as well.