Dolan, PJ.
In this action, the court found that defendant breached its implied warranty of merchantability with respecttoapowerboat manufactured by defendantand sold by its dealer to plaintiff. The court assessed damages in the amount of $18,000 and defendant appealed, alleging that the evidence does not warrant a finding for the plaintiff.[1] There is no error.
On March 24, 1988, plaintiff purchased a new 1988 24-foot offshore powerboat. Within weeks thereafter, plaintiff returned the boat for repairs to the selling dealer because of a large number of stress cracks and a soft spot in the hull. The repairs were not made to plaintiffs satisfaction and this lawsuit resulted.
The one-year limited express warranty provided to plaintiff by defendant required plaintiff to return the boat to the selling dealer for repairs. The express warranty excluded, among other things, the gel coat finish, blisters, cracks or crazing.
Defendant argues that defects in plaintiffs boat are not covered by the express warranty. However, the express warranty did not expressly exclude the implied warranty of merchantability.
Unless expressly excluded, G.L.c.106 §2-314 implies a warranty that goods arefitfor the ordinary purpose which such goods are used. The court found a breach of implied warranty in that the boatwas notfitfor its intended purpose, and awarded damages for its repair.
Attrial, plaintiff s expert testified that he was “very concerned about the wholeboat.” Among other things he found an area on the hull near the keel on the starboard side which was “veiy, very soft.” He testified that because of the condition of the hull, the boat might be satisfactory on calm water, but for rougher conditions it would be unsafe and unseaworthy. Defendant offered conflicting evidence with respect to problems with the boat and argues that its expert was more credible than plaintiffs expert. However,’’where there are two permissible views of the evidence, the fact finder’s choice between them cannot be clearly erroneous.” Edinburg v. Edinburg 22 Mass. App. Ct. 199, 203 (1986). Plaintiffs evidence is sufficient evidence for the court to determine that defendant breached its implied warranty of merchantability. A 24-foot offshore boat should be seaworthy in other than calm waters.
Plaintiff offered testimony that the costs of repairs would be $18,000[2]; defendant offered testimony that the cost of repairs would be a lesser amount. This evidence is sufficient evidence for the court to determine the amount of damages for breach of warranty is $18,000.
*204 Defendant filed a Dist/Mun. Cts. R. Civ. P., Rule 59 motion to amend findings or for a new trial, and now appeals from its denial. Rule 59 motions are designed primarily to “correct judgments which are erroneous because they lack legal or factual justification,” Pentucket Manor Chronic Hosp. Inc. v. Rate Setting Commission, 394 Mass. 233, 237 (1985), and are addressed to the trial judge’s discretion. Galvin v. Welsh Mfg. Co., 382 Mass. 340, 343 (1981); Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 316 (1981); Henninger v. True, 1992 Mass. App. Div. 153, 155. There is nothing in the report that indicates that the judgment is erroneous or that the court abused its discretion. In any event, by failing to submit timely requests for rulings, defendant waived its right to appellate review of any alleged error of law in the denial of its motion to amend findings or for a new trial. Bernard J. Basch and Sons v. Travelers Indemnity Company, 392 Mass. 1002, 1003 (1984).
Report dismissed.

 Defendant’s Dist/Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings of law, in different forms, but raising this same issue, were denied by the court and are the prime basis of this appeal.

 This case was previously returned to the trial court for a hearing on damages.