Curtin, J.
This is a G.L.c. 149, §150 action to recover for the defendants’ alleged violation of G.L.c. 149, §148 in refusing to pay four weeks’ wages and expenses purportedly earned by the plaintiff as an employee prior to the termination of her services.[2] The plaintiff sought $9,000.00 in treble damages, costs and attorney’s fees. After trial, judgment was entered for the plaintiff in the amount of $400.00 for one month’s automobile expenses only, which the court found that the defendants had agreed to pay.[3] No damages were awarded for unpaid wages. The plaintiff thereafter appealed pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8C.
The sole question presented for review is whether the plaintiff was an employee entitled to the protections of G.L.c. 149, §148, including the right to recover unpaid salary, or was instead an independent contractor who earned no commissions for which payment was due.
The record indicates that defendant Massachusetts Mortgage Corp. (“Mass. Mortgage”) is a licensed mortgage broker. In April, 1994, the plaintiff commenced work with Mass. Mortgage as a self-styled “mortgage originator” responsible for marketing the defendant’s mortgage products and services with area real estate agents. The plaintiff contends that she was hired by defendant Francis J. Holloway (“Holloway”), an officer of Mass. Mortgage, as an employee at a salary of $2,600.00 per month, plus $400.00 in car expenses and health insurance benefits. The defendants argue that the plaintiff was never an employee, but was instead an independent contractor hired to do sales and marketing who was paid $3,000.00 a month only as an advance against commissions earned. The defendants paid the plaintiff $6,000.00 over a three month period from April to July, 1994. The plaintiff generated no business for Mass. Mortgage and earned no commissions; on July 7, *4 1994, her services were terminated. The plaintiff thereafter demanded payment of' $3,000.00 for what she termed earned salary for the four week period from June 17,1994 to July 8,1994. The defendants refused, and this action was commenced.
1. Whether an individual is an employee or an independent contractor is ordinarily a question of fact for a trial court. Thorson v. Mandell, 402 Mass. 744, 747 (1988); Rowe v. Arlington, 28 Mass. App. Ct. 389, 391 (1990); Teixeira v. Cab Three, Inc., 1994 Mass. App. Div. 154, 156. The primary test is the purported employer’s right to control the individual’s work performance. Silvia v. Woodhouse, 356 Mass. 119, 124 (1969); Commonwealth v. Savage, 31 Mass. App. Ct. 714, 717 (1991).
If in the performance of his work an individual is at all times bound to obedience and subject to direction and supervision as to details, he is an employee; but if he is only responsible for the accomplishment of an agreed result in an agreed manner, he is an independent contract.
O’Malley’s Case, 361 Mass. 504, 505 (1972). In addition to control and supervision, relevant factors include the method of payment, the skill required in the occupation in question, the purported employer’s provision of tools, instrumentalities and a place of work and the parties’ understanding of the nature of the relationship created. Chase v. Independent Practice Assoc., Inc., 31 Mass. App. Ct. 661, 665 (1991); Commonwealth v. Savage, supra at 717-718.
There was ample evidence at trial to support the court’s implicit finding that the plaintiff was an independent contractor rather than an employee with a G.L.c. 148, §150 right of action. As indicated, the plaintiff was hired as a mortgage “originator” to market Mass. Mortgage’s products to area real estate agents. The plaintiff established her own work schedule and hours, did not punch a time clock and did not submit time sheets. The defendants neither directed, nor controlled, which realtors the plaintiff would contact or the time and place of such meetings. No one supervised her performance. The plaintiff’s work was performed primarily at the offices of the real estate brokers she visited. She did not have either a private office, a private phone or even an exclusive desk at Mass. Mortgage’s place of business. No salary, health insurance, paid vacation and sick days, or other benefits were ever paid to the plaintiff. She received only advances against commissions, which were never earned. The checks issued to her bore the notation “draw and travel.”
2. The plaintiff erroneously contends that G.L.c. 149, §148B[4] required a finding in her favor that she was an employee because the defendants did not satisfy their burden of establishing the applicability of the expectations listed in the statute. First, it was incumbent upon the plaintiff in the first instance to establish that she was an employee within the purview of G.L.c. 149, §148 for “a party making a claim under a statute usually bears the burden of proving that he comes within the terms of the statute.” Eliot Discount Corp. v. Dame, 19 Mass. App. Ct. 280, 285 (1985). The plaintiff was aided in satisfying her burden of proof and persuasion by what *5 was at most a rebuttable presumption created by the language of §148B, see Epstein v. Boston Hous. Auth., 317 Mass. 297, 302 (1944), which merely shifted the burden of production to the defendants. Upon their introduction of evidence warranting a finding that the plaintiff was not an employee, the presumption “disappeared” or receded, and the burden shifted back to the plaintiff. See Barvenik v. Newton Alderman, 33 Mass. App. Ct. 129, 131 n. 7 (1992).
Equally devoid of merit is the plaintiffs related, convoluted argument that she was an employee who could not have been “free from control and direction in connection with [her] performance” under G.L.c. 149, §148B because of the licensing requirements for mortgage brokers set forth in G.L.c. 255E, §2.[5] The plaintiff was not a licensed mortgage broker. She thus contends that, pursuant to the latter statute, she could only have worked as a mortgage broker “under the direction” of the defendants, who were licensed; and that because she worked under their direction, she was their employee. However, the plaintiff identified herself, was hired by Mass. Mortgage and at all times performed as a mortgage “originator" rather than as a mortgage broker or lender. There was no evidence at trial which required a finding by the trial court that the plaintiff ever acted during the period in question as a mortgage broker by negotiating, placing or finding mortgage loans.[6] Moreover, the statutory language “employed by or associated with” contemplates a relationship other than that of employer/employee and thus fails to mandate the result argued by the plaintiff even if it is assumed arguendo that she worked as a mortgage broker. In short, G.L.c. 255E, §2 is irrelevant to the dispositive issues in this case.
3. There was no error in the court’s denial of plaintiffs requests for rulings of law which improperly presented mixed propositions of fact and law. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944); Frontiero v. Brown, 1996 Mass. App. Div. 82, 83. The plaintiffs Mass. R. Civ. R, Rule 59 motion to alter or amend judgment was addressed solely to the trial judge’s discretion. Galvin v. Welsh Mfgr. Co., 382 Mass. 340, 343 (1981); Henninger v. True, 1992 Mass. App. Div. 153, 155 (1992). As the plaintiff’s motion was confined to the arguments presented at trial and discussed above, no abuse of discretion attended its denial.
There being no error, the trial court’s judgment is affirmed. The plaintiff’s appeal is dismissed.
So ordered.

 Section 148 of G.L.c. 149 requires an employer to pay wages to an employee within six days of the end of the pay period in which the wages were earned by the employee. Section 150 authorizes an employee to bring a civil action in his own name for his employer’s violation of §148 if the Attorney General assents in writing to such a suit. The plaintiff obtained the Attorney General’s assent to the filing of this action.
Pursuant to §150, damages for an employer’s violation of §148 may include up to three times the amount of unpaid wages and benefits, plus costs and reasonable attorney’s fees.

 As the defendants have not appealed the court’s award of $400.00 in expenses, no issue is presented as to its propriety.

 Section 148B provides, in pertinent part: “For the purpose of this chapter, individuals performing any service, except as authorized under this chapter, shall be deemed to be employees under this section unless it is shown that: such individual has been and will continue to be free from control and direction in connection with the performance of such service under this contract; and such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all places of business of the enterprise; and, such individual is customarily engaged in an independently established occupation, profession or business of the same nature as that involved in the service performed.”

 General Laws c. 255E, §2 provides: “No person shall act as a mortgage broker or mortgage lender with respect to residential property unless first obtaining a license from the commissioner; provided, however, that any person who is employed by or associated with a licensed mortgage broker or mortgage lender in the capacity of a mortgage broker or mortgage lender under the direction of said licensed mortgage broker or mortgage lender shall not be required to obtain such license.”

 Section 1 of G.L.c. 255E defines a “mortgage broker” as “any person who for compensation or gain, or in the expectation of compensation or gain, directly or indirectly negotiates, places, assists in placement, finds or offers to negotiate, place, assist in placement or find mortgage loans on residential property for others.”